UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES,

                       Plaintiff,

      -against-

JAMIL SPELLER,

                     Defendant.
-------------------------------------------------------x

No. 13 CR 986-LTS
No. 16 CV 1884-LTS

ORDER

        Defendant Jamil Speller has moved, pursuant to 21 U.S.C. § 2255, to vacate his conviction under 18 U.S.C. § 924(c)(1)(A) for possessing a firearm in furtherance of a crime of violence, specifically a conspiracy to commit Hobbs Act robbery. (Docket Entry No. 223.) The parties agree that conspiracy to commit Hobbs Act robbery no longer qualifies as a crime of violence for purposes of Section 924(c) following the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019). (Docket Entry Nos. 267, 272.)

        The government contends that Mr. Speller's challenge to his conviction is procedurally defaulted because he failed to raise the claim on direct appeal. (Docket Entry No. 272, at 2.) Mr. Speller asserts that his appellate counsel was constitutionally ineffective on direct appeal for failing to argue under United States v. Johnson, 135 S. Ct. 2551 (2015), that conspiracy to commit Hobbs Act robbery was not a crime of violence, despite the fact that Johnson "was very much a live issue as of the time in which the defendant could have taken a direct appeal." (Docket Entry No. 275, at 3 (citing the Government's letter, Docket Entry No. 272, at 4).) The government argues that counsel's failure to raise the Johnson issue on direct appeal does not itself constitute ineffective assistance of counsel because defense counsel "may [have] rationally believed it was

not in the defendant's interest to risk voiding [the plea] agreement by challenging his conviction on appeal." (Docket Entry No. 272, at 4 n.1.)

The Court requires expansion of the record to include information from Mr. Speller's trial counsel, Richard Palma, regarding whether, and to what extent, a <u>Johnson</u> appeal was considered and why no such appeal as filed.  <u>See</u> Rule 7 of the Rules Governing 2255 Proceedings.

Accordingly, Mr. Palma is directed to file an affidavit by **January 8, 2020**, which explains his decision not to invoke <u>Johnson</u> in an appeal of Mr. Speller's conviction.

SO ORDERED.

Dated: New York, New York
December 20, 2019

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

| | |
|---|---|
| Copy Mailed to: | Richard Palma, Esq.<br>381 Park Ave S., Ste 701<br>New York, NY 10016 |
| Copy e-mailed to: | Richard Palma, Esq.<br>rpalma@verizon.net |